**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) No. 13-00135-CR-W-JTM |
| | ) |
| Plaintiff, | ) 7 U.S.C. § 136*l*(b)(1)(B) |
| | ) Probation: NMT 5 Years and/or |
| v. | ) Fine: the greater of (a) $200,000 per violation; |
| | ) (b) twice the gross pecuniary gain derived |
| | ) from the offense; or (c) twice the gross |
| WAL-MART STORES, INC., | ) pecuniary loss caused the victims of the offense |
| | ) |
| Defendant. | ) Class A Misdemeanor |
| | ) $125 Mandatory Special Assessment |

## I N F O R M A T I O N

The United States Attorney charges that:

At all times material to this Information:

1. The defendant, WAL-MART STORES, INC., was a public corporation based in Bentonville, Arkansas, which operated over 4,100 large department stores throughout the United States.

2. Various types of regulated solid and liquid household pesticides were sold in the garden centers of the defendant's retail stores. Pesticides that became damaged during the normal course of business and/or that were returned by customers were collected by the retail stores and transported to one of six collection and processing locations referred to as return centers. At the time of the incidents described below the defendant operated return centers in Bentonville, Arkansas; Waco, Texas; Indianapolis, Indiana; Macon, Georgia; North Las Vegas, Nevada; and Johnstown, New York.

3. In or about July 2006, the defendant began shipping certain damaged household products, including regulated solid and liquid pesticides, to a company known as Greenleaf, LLC

1

("Greenleaf") for recycling purposes. Greenleaf operated a recycling facility in Neosho, Missouri. On or about October 13, 2006, the defendant formalized the relationship by entering into a contract with Greenleaf to receive, re-package and otherwise prepare certain household products, including the regulated pesticides, for reuse and resale.

4. Defendant Wal-Mart Stores, Inc., failed to adequately train its return center employees with regard to the required special handling of regulated pesticides sent to Greenleaf. As a result, its employees did not provide proper oversight of the regulated pesticides sent to Greenleaf. Greenleaf would collect some of the solid regulated pesticides received from Wal-Mart and mix them together in large bins. This mixture of pesticides was offered for sale to customers in containers that were not labeled with the required registration, ingredients, or use information for the pesticides.

5. On at least seventy different days between July 2006 and February 2008, said dates being approximate, in Neosho, Newton County, in the Western District of Missouri, the defendant sent truck loads of liquid and solid regulated pesticides, and other products from its various return centers, to the Greenleaf facility. The amount of pesticides the defendant shipped to Greenleaf during the relevant time period exceeded two million pounds.

6. The defendant shipped regulated pesticides to Greenleaf knowing that Greenleaf was distributing the pesticides without the required registration, ingredients, or use information.

7. The manufacture, distribution, and use of pesticides is regulated by the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA), Title 7, United States Code, Section 136 et seq., and the regulations promulgated under its authority by the United States Environmental Protection Agency (USEPA). Except as provided by law, no person may distribute or sell any pesticide in the United States unless it has been registered with the USEPA. 40 C.F.R. § 152.15.

Also, every pesticide product shall bear a label that clearly and prominently shows the product registration number, ingredient, and directions for use. 40 C.F.R. § 156.10(a).

8. The term "pesticide" includes any substance or mixture of substances intended for preventing, destroying, repelling, or mitigating any pest, or for use as a plant regulator, defoliant, or desiccant. 7 U.S.C. § 136(u).

9. The term "distribute or sell", *inter alia,* means to distribute, sell, offer for sale, hold for distribution, or hold for sale. 7 U.S.C. § 136(gg).

10. Any person who distributes or sells regulated pesticides and knowingly violates any provision of FIFRA is guilty of an offense pursuant to 7 U.S.C. § 136l(b)(1)(B).

## COUNT ONE

11. The factual allegations in paragraphs one through ten are incorporated herein by reference. On at least seventy different days between July 2006 and February 2008, said dates being approximate, in Neosho, Newton County, in the Western District of Missouri, defendant WAL-MART STORES, INC., knowingly aided and abetted the distribution of regulated pesticides without the required registration, ingredients, or use information, all in violation of 7 U.S.C. § 136l(b)(1)(B) and 18 U.S.C. § 2.

    Tammy Dickinson
    United States Attorney

    *s/ Phillip Eugene Porter*

    Phillip Eugene Porter
    Deputy United States Attorney
    Criminal Division Chief

Dated: May 28, 2013